IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JETHRO WALLACE, JR.                                    PETITIONER

VERSUS                          CIVIL ACTION NO. 4:05cv133TSL-JCS

JIM HOOD, et al.                                      RESPONDENTS

OPINION AND ORDER

Upon further consideration of the records in this action, the court finds that an order was entered on August 22, 2005, directing the petitioner to pay the $5.00 filing fee or file a completed application for leave to proceed in forma pauperis within 20 days of the entry date of the order.  Petitioner was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit.

A copy of the order was mailed to the petitioner at his last known address.  On August 24, 2005, this court received a change of address for the petitioner.  An order was then entered on November 1, 2005, extending the time for the petitioner to comply with the order of August 24, 2005.  The petitioner was directed to comply with the previous order on November 22, 2005.  The order of November 1, 2005, was mailed to the petitioner at his last known address.

When the petitioner failed to comply with the order of November 1, 2005, an order to show cause was entered on January 3, 2006, directing the petitioner to respond on or before January 23, 2006, to explain why this civil action should not be

dismissed for the petitioner's failure to comply with the orders of this court.  Once again, the petitioner has failed to comply with the orders of this court.

Although more than 20 days have elapsed since the deadline for complying with the order to show cause, the petitioner has failed to communicate further with the court, either to inquire as to the status of his case or to attempt to comply with the court's order.  The petitioner's failure to comply with an order of this court or to otherwise communicate with this court indicates his lack of interest in pursuing this claim.

This court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the respondents have never been called upon to respond to the petitioner's pleading, and have never appeared in this

2

action, and since the court has never considered the merits of petitioner's claims, the court's order of dismissal should provide that dismissal is without prejudice.  <u>Shaw v. Estelle</u>, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 23RD  day of February, 2006.

/S/ Tom S. Lee
UNITED STATES DISTRICT JUDGE